UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LINDA JOYCE PEREZ, | ) | NO. CV 10-06589 CW |
| Plaintiff, | ) | |
| v. | ) | **DECISION AND ORDER** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Linda Perez was born on August 24, 1954, and was fifty-four years old at the time of her administrative hearing. [Administrative Record ("AR") 44, 27-43.] Plaintiff alleges

disability due to migraine headaches, depression rheumatoid arthritis, neck pain, fibromyalgia, lumbar and cervical radicilitis, cervical spine degenerative disc disease, sleeping problems, fatigue, and numbness in her left leg. [AR 47, 85, 115.] She has past relevant work as a teacher's aide. [AR 86.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff filed a complaint on September 2, 2010. On March 10, 2011, Defendant filed an answer and Plaintiff's Administrative Record ("AR"). On June 15, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed for a period of disability and disability insurance benefits ("DIB") on February 13, 2007, alleging disability since December 15, 2006. [AR 44, 85.] After Plaintiff's application was initially denied on September 19, 2007, she requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on May 11, 2009.[1] [AR 27-43, 47-52, 55.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff and vocational expert Gregory Jones. [AR 27-43.] The ALJ issued a decision denying benefits on August 21, 2009. [AR 11-22.] On September 18, 2009, Plaintiff sought review with the Appeals Council and submitted additional

---

[1] This is a prototype case which allows a claimant to go directly to a hearing from an initial denial thereby skipping the reconsideration stage. [AR 44]; *see* 20 C.F.R. § 404.906(b)(4).

2

evidence. [AR 5-7.]  When the Appeals Council denied review on July 30, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-4.]

## IV.  **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094,1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole,"weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  Reddick, 157 F.3d at

3

720-721; see also Osenbrock, 240 F.3d at 1162.

**V. DISCUSSION**

**A. THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are nonadversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

December 15, 2006 (step one); that Plaintiff had "severe" impairments, namely migraine headaches, rheumatoid arthritis, neck pain, fibromyalgia, lumbar and cervical radiculitis, cervical spine degenerative disc disease, and numbness in her left leg (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13-16.] The ALJ determined that Plaintiff had an RFC to perform medium work[3] with no more than occasional stooping, kneeling, balancing and climbing ladders, and no more than frequent climbing of stairs. [AR 17.] Plaintiff's RFC did not preclude her from performing her past work as a teacher's aide (step four). [AR 21.] Accordingly, Plaintiff was not "disabled" within the meaning of the Social Security Act. [AR 22.]

**C. PLAINTIFF'S PRESENT CLAIMS**

The parties' Joint Stipulation identifies the following disputed issues:

1. "Whether the ALJ complied with her duty to fully and fairly develop the record when she failed to hold a supplemental hearing and allow Plaintiff to respond to newly admitted evidence in the record";

2. "Whether the ALJ erred when she failed to find Plaintiff's depression and Post Traumatic Stress Disorder (PTSD) to be severe impairments";

3. "Whether the ALJ properly assessed Plaintiff's

---

[3] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds." 20 C.F.R. § 416.967(c).

credibility";

4. "Whether the ALJ properly considered the opinions of Plaintiff's treating physicians, Susan Hua, M.D. and Faustino Bernadette, M.D."[4]

[JS 3.]

As discussed below, Issue One is dispositive.

**D.   ISSUE ONE: DEVELOPMENT OF THE RECORD**

    **1.   Background**

At the close of the hearing on May 11, 2009, the ALJ requested Plaintiff to undergo consultative psychiatric and neurological evaluations to further assist her in evaluating Plaintiff's limitations. [AR 42.] On June 29, 2009, Dr. Robert Moore performed a neurological evaluation of Plaintiff, and on July 6, 2009, Dr. Miriam Staub performed a psychiatric evaluation of Plaintiff. [AR 566-75, 576-87.] Neither of these evaluations supported the degree of Plaintiff's alleged functional limitations.

Dr. Moore opined that Plaintiff is limited to lifting or carrying fifty pounds occasionally and twenty-five pounds frequently with no more than frequent reaching, pushing, and pulling in both hands, no more than frequent climbing of stairs, no climbing ladders, and occasional stooping, kneeling, crawling and crouching. [AR 576-87.] Dr. Moore did not restrict Plaintiff in her ability to sit, stand or walk in an eight-hour work day. [Id.] With respect to Plaintiff's mental RFC, Dr.

---

[4] Defendant did not stipulate that the disputed issue statements were framed in a neutral fashion pursuant to section VIII(C) of the case management order. [JS 3.]

7

Staub opined that Plaintiff did not have any mental limitations. [AR 566-75].

On July 24, 2009, the ALJ sent Plaintiff's counsel a letter, enclosing copies of Plaintiff's psychiatric and neurological evaluations from Drs. Staub and Moore, and indicating that she intended to enter the reports into the record as evidence. [AR 26.] In the letter, the ALJ informed Plaintiff's counsel that Plaintiff had the right to submit any written comments concerning the enclosed reports, "a written statement as to the facts and law" applicable to the case in light of the reports, and any additional records Plaintiff wanted the ALJ to consider, including "a report from [Plaintiff's] treating physician." [Id.] The ALJ also indicated that if Plaintiff did not submit a response "within 10 days of the date [Plaintiff] receives this notice," then she would assume that Plaintiff did not wish to submit any written statements or records, and would then enter the enclosed reports into the evidence in the record. [Id.]

Plaintiff's counsel received the ALJ's letter on July 27, 2009. [AR 134.] Within the ten day deadline, on August 5, 2009, Plaintiff's counsel electronically submitted a written response objecting to the admission of the evaluation reports as evidence into the record. [AR 135-38.] In addition, counsel requested the ALJ to conduct a supplemental hearing to be able to cross-examine Drs. Staub and Moore, or in the event Drs. Staub or Moore could not appear and testify, the presence of a medical expert to provide testimony as to whether the opinions of Drs. Staub and Moore were consistent with the objective medical evidence in the record. [AR 137.]

Notwithstanding Plaintiff's August 5, 2009 letter to the ALJ, objecting to the reports and requesting a supplemental hearing, the ALJ – in her August 21, 2009, written decision denying benefits – stated that "[t]he Social Security Administration did not receive a response from the [plaintiff's] counsel to submit any written statements or records concerning the evaluations within the prescribed 10 day period." [AR 11.] Accordingly, the opinions of Drs. Staub and Moore were entered into evidence in the record, the written statement submitted by Plaintiff's counsel objecting to these opinions apparently was not considered, and a supplemental hearing was not held.

Subsequently, Plaintiff filed a request for Appellate Council review of the hearing decision [AR 5], attaching a letter that detailed the legal arguments she made to the ALJ regarding the opinions of Drs. Straub and Moore [AR 6-7], and a copy of an opinion by her treating physician that likewise addresses those reports [AR 140]. The record reflects that Plaintiff solicited her treating physician's analysis promptly after she received those reports. [AR 139.] On July 30, 2010, the Appeals Council made this additional evidence part of the Administrative Record.[5] [AR 4.]

**2. Discussion**

An ALJ "has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even when a claimant is represented by counsel.

---

[5] Evidence submitted to the Appeals Council is a part the administrative record and can be considered by the courts on appeal. Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993); Harmen v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000).

Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted). The ALJ's obligation to develop the record is triggered whenever the evidence is ambiguous or when the ALJ has found the record is "inadequate to allow for proper evaluation." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ may discharge this duty by, for example, keeping the record open to allow for supplementation of the record. Tonapetyan, 242 F.3d at 1150. When the Commissioner fails to adequately meet this duty, the claimant is denied the "'full and fair hearing] to which she was entitled." McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011).

Here, the ALJ evidently determined the record before her at Plaintiff's hearing was inadequate to allow for proper evaluation of her claim and, consequently, sent Plaintiff for further examination. She offered Plaintiff some opportunity to respond to the resulting reports by suggesting she would hold the record open for a brief period of time for a response. [AR 26.] The Commissioner did not, however, ultimately satisfy this duty with respect to consideration of a fully developed record.

Plaintiff timely submitted a written statement to the ALJ objecting to the findings of Drs. Staub and Moore and requesting a supplemental hearing.[6] [AR 26, 134-38.] Although she did not

---

[6] Plaintiff cites the Hearings, Appeals and Litigation Law Manual ("HALLEX") to support her position that the ALJ should have scheduled a supplemental hearing. [JS 5]. However, "HALLEX does not have the force and effect of law," and is therefore, "not binding on the Commissioner. . . ." Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000); see also Western Radio Services Co. v. Espy, 79 F.3d 896, 900 (9th Cir. 1996) ("we will not review allegations of noncompliance with an agency statement that is not binding on the agency.").

10

submit any medical support for her statement at that time, and her statement is somewhat vague with respect to whether she intended to provide any further records to the ALJ, the record indicates that she sent her treating physician, Celedonia X. Yue, M.D., a letter on July 30, 2009, asking Dr. Yue to provide a written statement in response to the opinions of Drs. Staub and Moore; Dr. Yue submitted her assessment on September 4, 2009.[7] [AR 139-140.] Plaintiff then promptly forwarded Dr. Yue's assessment to the Appeals Council, which received it into evidence. [AR 4.]

In the hearing decision, however, the ALJ stated that "[t]he Social Security Administration did not receive a response from the [plaintiff's] counsel to submit any written statements or records concerning the evaluations within the prescribed 10 day period." [AR 11.] Although the ALJ was not provided with a copy of Dr. Yue's assessment, it is unclear from the hearing decision whether the ALJ received and considered even the written argument submitted by Plaintiff's attorney. Furthermore, while it is apparent that the Appeals Council received both Plaintiff's statement and Dr. Yue's assessment, the Appeals Council did not specifically address or discount either of these documents. [See AR 1-3.]

This oversight is particularly troubling given that the report Plaintiff submitted reflects the opinion of a treating

---

[7] Contrary to the opinions of Drs. Staub and Moore, Dr. Yue opined that she is doubtful that Plaintiff could ever be able to return to full-time work as she can only stand for twenty minutes at a time and is able to lift less than five pounds. [AR 140.] Dr. Yue explained that Plaintiff would miss more than three days of work due to her medical conditions. [Id.]

11

physician. [See AR 21.] The Commissioner may reject a treating physician's assessment only by articulating clear and convincing reasons for so doing, if uncontroverted, and specific, legitimate reasons even if controverted. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The Commissioner did not meet this standard and, in thus failing to fully develop the record and weigh the evidence appropriately, denied Plaintiff her right to a full and fair hearing. Reversal is warranted on this basis.

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.[8] Accordingly, remand is

---

[8] None of the remaining issues raised by Plaintiff in the Joint Stipulation mandate a finding of disability on the basis of the current record – particularly given that no step five findings were made in this case [see AR 21] – even if resolved in Plaintiff's favor. Accordingly, remand is the appropriate disposition of this appeal, and the Court does not need to reach the remaining disputed issues.

12

required.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405 (g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 20, 2011



CARLA M. WOEHRLE
United States Magistrate Judge